CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEONARD C. JOHNSON, 18092-056,<br>    Petitioner, | Civil Action No. 7:07-cv-00316 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Glen E. Conrad<br>United States District Judge |

Petitioner Leonard C. Johnson, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims his federal conviction in the United States District Court for the Eastern District of North Carolina was unconstitutional.[1] Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

In the United States District Court for the Eastern District of North Carolina, petitioner previously filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Case Nos. 5:98-cr-185, 5:01-cv-768 (E.D. N.C., W. Div.). In an Order entered December 26, 2001, that Court granted the Government's motion to dismiss. The Court gave the following background summary:

> On March 17, 1999, Petitioner pled guilty to bank robbery and a related firearms count in violation of 18 U.S.C. §§ 2113(d), 924(c), 2 [sic]. Petitioner's plea was made without the benefit of a plea agreement. Subsequently, Petitioner testified at the trial of his co-defendant, Emanuel Barnhardt. While Petitioner testified that Barnhardt was not involved in the bank robbery, the jury found Barnhardt guilty on July 14, 1999.
>
> On July 20, 1999, Petitioner was sentenced by this Court to an aggregate 360 months imprisonment. This aggregate sentence represented 300 months for the bank

---

[1] Arguing that this court has jurisdiction in this matter under the "savings clause" of 28 U.S.C. § 2255, petitioner claims he "pled guilty to double jeopardy four times in a two count indictment." The court notes that petitioner's "double jeopardy" argument appears to be without merit. In its opinion affirming petitioner's conviction on direct appeal, the United States Court of Appeals for the Fourth Circuit stated that petitioner had pleaded "guilty to armed bank robbery, see 18 U.S.C.A. § 2113(d) (West Supp. 1999), 18 U.S.C. § 2 (1994) (Count One), and using or carrying a firearm during a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1999) (Count Two)." Johnson v. United States, 210 F.3d 363, 2000 WL 313217 *1, cert. denied, 531 U.S. 881 (2000). The docket entries in petitioner's criminal case in the Eastern District of North Carolina support the Court of Appeals' statement regarding the counts to which petitioner pleaded guilty. See Criminal Case No. 5:98-cr-185 (E.D. N.C., W. Div.).

1

robbery in addition to a mandatory 60 months for the firearm count. In determining the appropriate range pursuant to the Sentencing Guidelines, this Court found that Petitioner had perjured himself at Barnhardt's trial, and therefore denied Petitioner an adjustment for acceptance of responsibility.

Petitioner appealed his sentence, and, on March 28, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence in an unpublished opinion. On October 2, 2000, the Supreme Court denied certiorari in Petitioner's case.

Before concluding that the Government's motion to dismiss should be granted and that petitioner's motion for collateral relief pursuant to § 2255 should be denied, the Court discussed petitioner's claims, stating:

The basis of Petitioner's motion is that this Court "erred in departing upward from the applicable Guidelines range," and that Petitioner should have been provided notice of the possibility of an upward departure prior to sentencing. Petitioner's claims must fail for several reasons. First, he is merely attempting to relitigate an issue fully litigated and addressed on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976), cert. denied, 429 U.S. 863 (1976) (holding that a petitioner may not recast, under the guise of collateral attack, issues fully litigated on direct appeal). Moreover, this Court, in sentencing Petitioner, did not depart upwardly at all; rather, the Court found that Petitioner was not entitled to credit for acceptance of responsibility due to his prior perjury and obstruction of justice. Prior notice to a defendant is required only when a court departs upwardly or downwardly from the guidelines. E.g., Burns v. United States, 501 U.S. 129 (1991).

On June 18, 2007, petitioner filed the instant motion.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

2

The claims petitioner now raises could have been addressed in a timely filed § 2255 motion to test the legality of his confinement.[2] Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent making it legal to rob banks or use or carry firearms to commit crimes of violence. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 26ᵃ day of June, 2007.

_____
United States District Judge

---

[2] Clearly, were petitioner to bring a § 2255 motion now, such motion would be deemed successive, as it is plain that the United States District Court for the Middle District of North Carolina denied his previous § 2255 petition on the merits in December 2001.